IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 7 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01620-BNB

JANOS TOEVS,

    Plaintiff,

v.

LARRY REID,
SGT. MORRIS,
LT. TROXEL,
CASE MANAGER KRISTY MOORE,
JASON YOUNG, Law Librarian,
CASE MANAGER JUDY LINDSEY,
CASE MANAGER GLIDEWELL, and
JOE ORTIZ,

    Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Janos Toevs is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). Mr. Toevs has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006).

The Court must construe the complaint liberally because Mr. Toevs is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Toevs will be ordered to file an amended complaint and to show cause why the

complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."  Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Toevs's complaint is prolix.  It does not include a short and plain statement of his claims showing that he is entitled to relief in this action.  *See* Fed. R. Civ. P. 8(a)(2).  Mr. Toevs fails to list each claim separately, as requested on the Court-approved Prisoner Complaint form, but rather lists his claims in a rambling continuation of Section

2

C. Nature of the Case, Section D. Cause of Action, and his first and only asserted claim that he is being denied access to the courts. The Court has done its best to summarize briefly what appear to be Mr. Toevs's asserted claims.

Mr. Toevs alleges that from February 2006 to September 2006 he was in the Progressive Reintegration Program Unit, the final step in the Quality of Life Level Program (QLLP), before being released from administrative segregation to the general population. He further alleges that he has been denied access to the courts for himself and for co-inmates Melvin Goodwin, Adelmo Duran, and Steven Pogline for whom he contends he has a right to serve as "jailhouse lawyer." Mr. Toevs, who is in administrative segregation with Goodwin, Duran, and Pogline, complains that six weeks before his return to the general population he was retaliated against for filing grievances by being regressed from level six to level one and forced to restart the QLLP, thus assuring himself another two years in administrative segregation. The grievances he alleges he filed concerned, for example, property not allowed to inmates in levels one to three of administrative segregation. He also complains that by being transferred, he lost approximately $40.00 in property and canteen items. He further complains that prison policies restricting legal materials, supplies, and correspondence among inmates prevented him from filing a complaint regarding the conditions of his confinement and the confinement of Goodwin, Duran, and Pogline.

Mr. Toevs devotes twenty-five pages of his complaint to making allegations that he easily could have stated in only a few pages, and the complaint still fails to make clear the reason or reasons he is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Toevs apparently expects the Court to sift

3

through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Toevs's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Toevs must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights.

Mr. Toevs must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joseph Ortiz, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss an amended complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ.

4

P. 8 and that Mr. Toevs should be given an opportunity to file an amended complaint. He will be directed to do so below.

In addition, Mr. Toevs does not appear to have exhausted each of his claims through the DOC's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Toevs is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Toevs must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Toevs has failed to exhaust administrative remedies for any one of his claims or the issues raised within those claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Toevs and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally."  DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step, formal, grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  The steps one and two grievances and responses to those steps one and two grievances attached to Mr. Toevs's complaint only concern the destruction of the property he was not allowed to possess in the Colorado State Penitentiary.  He alleges that he has not received a response to his step-three grievance and that the time for receiving such a response has expired.  However, he fails to attach copies of administrative proceedings concerning his remaining claims or to describe their disposition with specificity.  Therefore, Mr. Toevs will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure as to each of his claims.

Finally, Mr. Toevs is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the

6

copies necessary for service.  Therefore, Mr. Toevs should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Toevs file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step, administrative-grievance procedure as to each asserted claim.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Toevs, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Toevs submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Toevs fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 17, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 06-cv-01620-BNB

Janos Toevs
Prisoner No. 63992
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___10/17/06___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk