IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01620-BNB

JANOS TOEVS,

    Plaintiff,

v.

LARRY REID,
SGT. MORRIS,
LT. TROXEL,
CASE MANAGER KRISTY MOORE, and
EXECUTIVE DIRECTOR JOE ORTIZ,

    Defendants.




FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 5 2007

GREGORY C. LANGHAM
CLERK

## ORDER AND JUDGMENT OF DISMISSAL

Plaintiff Janos Toevs is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). Mr. Toevs has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006).

On October 17, 2006, Magistrate Judge Boyd N. Boland ordered Mr. Toevs within thirty days to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that asserted each defendant's personal participation in the alleged constitutional violations, and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step,

administrative-grievance procedure. On November 16, 2006, Mr. Toevs submitted and the Court filed the amended complaint.

The Court must construe the amended complaint liberally because Mr. Toevs is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient. As Magistrate Judge Boland previously told Mr. Toevs in the October 17, 2006, order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together,

Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Toevs's amended complaint, like the complaint he originally filed, is prolix. It does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Toevs' five claims arise from his placement in the Progressive Reintegration Program Unit, the final step in the Quality of Life Level Program (QLLP), before being released from administrative segregation to the general population, and from the alleged retaliation against him for filing grievances by being regressed from level six to level one and forced to restart the QLLP, thus assuring himself another two years in administrative segregation. The grievances he alleges he filed concern, for example, denial of exercise for extended periods of time and deprivation of property not allowed to inmates in levels one to three of administrative segregation, such as tennis shoes, thermal underwear, and more than two books and two magazines at one time. He also complains that he was retaliated against by being transferred from another prison facility and regressed for corresponding with co-inmates about the possibility of filing a lawsuit against the DOC concerning the conditions in administrative segregation. He contends that as a result of his transfer and regression he lost approximately $40.00 in property and canteen items.

Mr. Toevs devotes the twenty-three pages of his complaint to making allegations that he easily could have stated in only a few pages. Rather than summarizing each claim succinctly, Mr. Toevs apparently expects the Court to sift through the rambling

allegations in his amended complaint to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Toevs' responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Toevs must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights.

A decision to dismiss an amended complaint pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed.

In addition, Mr. Toevs does not appear to have exhausted each of his claims through the DOC's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see **Booth v. Churner***, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See **Porter v. Nussle***, 534 U.S. 516, 532 (2002).

4

Mr. Toevs is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Toevs must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Toevs has failed to exhaust administrative remedies for any one of his claims or the issues raised within those claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Toevs and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step, formal, grievance procedure. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. **See** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Mr. Toevs makes confusing allegations that he has exhausted four of his

five claims, allegations which do not describe with specificity the disposition of his exhaustion efforts. On page twenty-one of the amended complaint, he contends that he need not exhaust his retaliation claims because they concern the grievances he filed about his regression and transfer, and because regression and transfer are classification issues that cannot be addressed through the grievance procedure. Although Mr. Toevs is correct that classification issues may not be addressed through the grievance procedure, his retaliation claims are separate from his classification claims, and must be exhausted. Mr. Toevs fails to attach copies of administrative proceedings concerning his retaliation claims or to describe their disposition with specificity. Therefore, the amended complaint also will be dismissed for failure to demonstrate exhaustion of the DOC's three-step, administrative-grievance procedure as to each asserted claims. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that demonstrates exhaustion of the Colorado Department of Corrections' three-step, administrative-grievance procedure as to each asserted claim. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff.

DATED at Denver, Colorado, this 5 day of _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01620-BNB

Janos Toevs
Prisoner No. 63992
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/5/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk