IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 06-cv-01620-CBS-KMT

JANOS TOEVS,
    Plaintiff,
v.

LARRY REID, and
EXECUTIVE DIRECTOR JOE ORTIZ,
    Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

This civil action comes before the court on Plaintiff Mr. Toevs' "Motion for Leave to Amend" (filed September 18, 2009) (doc. # 121). On May 9, 2008, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 62). The court has reviewed the Motion and the proposed third Amended Prisoner Complaint (Third Amended Complaint ("TAC")), Defendants' "Objection . . . " ("Response") (filed October 2, 2009) (doc. # 122), Mr. Toevs' "Response to Defendants' Objection" ("Reply") (filed October 15, 2009) (doc. # 124), the arguments presented at the hearing held on November 10, 2009, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Toevs is currently incarcerated in the Colorado Department of Corrections.

1

Proceeding *pro se*, Mr. Toevs filed his initial Complaint in this civil action on or about August 16, 2006 pursuant to 42 U.S.C. § 1983 against Larry Reid, Sgt Morris, Lt. Troxel, Case Manager Kristy Moore, Jason Young, Case Manager Judy Lindsey [sic], Case Manager Glidewell, and Joe Ortiz. (*See* doc. # 3). At the court's direction (*see* doc. # 6), Mr. Toevs filed his Amended Complaint on November 16, 2006, dropping all Defendants except Larry Reid, Sgt Morris, Lt. Troxel, Case Manager Kristy Moore, and Executive Director Joe Ortiz and seeking damages and injunctive relief. (*See* doc. # 7). On January 5, 2007, the court dismissed this action for failure to comply with Fed. R. Civ. P. 8. (*See* doc. # 10). Mr. Toevs appealed the dismissal and on March 4, 2008, the Tenth Circuit Court of Appeals reversed and remanded. *Toevs v. Reid*, 267 Fed. Appx. 817 (10th Cir. (Colo.) 2008). Without seeking leave to amend his pleadings, on May 14, 2008 Mr. Toevs filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging six claims against Larry Reid, Sgt Morris, Lt. Troxel, Case Manager Kristy Moore, Executive Director Joe Ortiz, Susan Jones, Executive Director Ari Zavaras, Steve Owens, Judy Lindsey, and Case Manager Glidewell, seeking damages and injunctive relief. (*See* doc. # 65). Mr. Toevs voluntarily withdrew the Second Amended Complaint on June 19, 2008, leaving the Amended Complaint (doc. # 7) as the operative pleading. (*See* Courtroom Minutes/Minute Order (doc. # 73)).

On March 6, 2009, the court granted in part and denied in part "State Defendants' Motion to Dismiss or for Summary Judgment." (*See* "Memorandum Opinion and Order" (doc. # 93)). The court determined that Defendants were entitled to qualified immunity on Claims One, Two, and Three based on Mr. Toevs' failure to state

or demonstrate a claim upon which relief can be granted.[1]  The court further determined that Defendants were entitled to summary judgment on Claim Four based on Mr. Toevs' failure to exhaust his administrative remedies.  The court permitted Claim Five to proceed only as to Defendant Ortiz for violation of due process based on whether Mr. Toevs received meaningful reviews of his continued QLLP confinement.  (*See* doc. # 93).

On April 17, 2009, the State Defendants filed a Motion for Summary Judgment and Brief in Support.  (*See* docs. # 98 and # 99).  On June 5, 2009, Mr. Toevs filed two Motions for leave "to Amend and Supplement," seeking to add a request for declaratory judgment and to add Ari Zavaras, the current Executive Director of CDOC, as a Defendant.  (*See* docs. # 108 and # 109).  On June 15, 2009, the State Defendants filed an Amended Motion for Summary Judgment and Brief in Support, to include "additional grounds for dismissal not included in the original Motion."  (*See* docs. # 112 and # 113).  At a hearing held on September 9, 2009, Mr. Toevs withdrew his pending motions and was given permission to file a new motion for leave to amend his pleadings.  (*See* doc. # 120).  Also on September 9, 2009, the court denied the State Defendants' pending Motions for Summary Judgment without prejudice on procedural grounds and reinstated Larry Reid as a Defendant.  (*See id.*).

On September 18, 2009, Mr. Toevs moved once again to amend his pleadings, attaching a copy of his proposed TAC.  (*See* docs. # 121, # 121-2).  In his proposed

---

[1] On July 1, 2008, the court authorized Mr. Toevs to serve discovery limited to the issue of qualified immunity.  (*See* Courtroom Minutes/Minute Order (doc. # 78); *Crawford-El v. Britton*, 523 U.S. 574, 598 (invocation of defense of qualified immunity is not a bar to all discovery).

TAC, Mr. Toevs seeks to drop Joe Ortiz as a Defendant, to add nine new Defendants, and seeks "Compensatory and Punitive Damages and Declaratory Relief in the form of a ruling that my constitutional rights were violated." (*See* TAC (doc. # 121-2)). Mr. Toevs' proposed TAC alleges a single constitutional claim pursuant to 42 U.S.C. § 1983 for "Deprivation of Liberty Without Due Process" against CDOC employees Reid, Slack and Jones as CDOC "Administrative Head[s]" and against Glidewell, Estrada, Owens, Moore, Holcomb, and John and/or Jane Does as CDOC "Case Manager[s]/Committee Member[s]," all in their individual capacities only. (*See id.* at pp. 1-3 of 12). Mr. Toevs alleges that Defendants Glidewell, Estrada, Moore, Holcomb, and John and/or Jane Does "deprived [him] of liberty without due process by subjecting [him] to reviews which were perfunctory, meaningless and all said the same thing;" that Defendant Slack deprived him of liberty without due process when she approved said reviews, and that Defendants Slack, Reid, and Jones violated his liberty interest "by enforcing OM-650-100." (*See id.* at pp. 8-10, 12 of 12). Defendants oppose Mr. Toevs' Motion on several grounds: (1) Mr. Toevs' claim against the new Defendants is barred by the statute of limitations; (2) Mr. Toevs' proposed TAC does not relate back; (3) Defendants are entitled to qualified immunity; (4) the *Ex Parte Young* doctrine bars Mr. Toevs' claim for declaratory relief; (5) Mr. Toevs lacks standing to assert a claim for declaratory relief; and (6) Mr. Toevs' claim should be dismissed as moot.

II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires." Such a grant of leave is within the

4

discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). A district court may deny leave to amend where amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). The district court is justified in denying a "motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). *See also Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a Rule 12(b)(6) motion). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

III.  Analysis

A.  John and/or Jane Doe Defendants

There is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide that "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). Because anonymous

5

parties are not permitted by the Federal Rules and Mr. Toevs has not identified them, Defendants John and/or Jane Does are subject to dismissal.

B.  Statute of Limitations

Defendants argue that Mr. Toevs' TAC is barred by the statute of limitations. Mr. Toevs' § 1983 claim is subject to a two-year statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985) (Section 1983 claims are subject to the most appropriate state statute of limitations); Colo. Rev. Stat. § 13-80-102(1)(g) (establishing a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). *See also Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) ("The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action."). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993).

Mr. Toevs commenced this action on or about August 14, 2006, while he was held in the CDOC's administrative segregation and while he was "subject to the Quality of Life Level Program (QLLP) a form of Administrative Segregation (Ad Seg) in the Colorado State Penitentiary (CSP) and Centennial Correction Facility (CCF) since 3/04/02." (*See* doc. # 7 at p. 4 of 28). Mr. Toevs alleges that he was "deprived of liberty without due process by being kept segregated from General Population (G.P.) without periodic meaningful reviews. . . ." (*See* doc. # 7 at pp. 4, 15-17 of 28). Mr. Toevs acknowledges that periodic reviews of his Administrative Segregation status were conducted, but alleges that "from 8/03 to 1/05" and "[f]rom 9/05 to filing this complaint I've received reviews which all say the same thing, . . . from 2/05 to 8/05 I received no reviews whatsoever," that "[r]eviews which say the same thing are a denial of due process," and that "none of these reviews have any meaning anyway because none could have secured my release to G.P." (*See* doc. # 7 at p. 16 of 28).

Mr. Toevs alleges in his proposed TAC that from "March 4, 2002 until March 17, 2009 (2570 days)" he was assigned to the QLLP. (*See* doc. # 121-2 at p. 6 of 12). Mr. Toevs alleges that "[w]hile I was QLLP Levels 1 through 3 I was classified Administrative Segregation and given 30 day reviews under AR 600-02" and that "[t]he 30 day reviews I received while QLLP levels 1-3 were perfunctory, meaningless gestures which said the same thing for years at a time." (*See id*. at p. 7 of 12). Mr. Toevs alleges that "[w]hile participating in the PRO Unit program, QLLP Levels 4-6, I received no reviews whatsoever." (*See id*.). Mr. Toevs alleges that "[f]rom October of 2005 until January of 2006 Case Managers J. Glidewell and C. Estrada . . . deprived me of liberty without due process by subjecting me to reviews which were perfunctory,

7

meaningless and all said the same thing." (*See id.* at p. 8 of 12). Mr. Toevs also alleges that Defendants Moore and Holcomb deprived him of liberty without due process by subjecting him to perfunctory, meaningless reviews "from March of 2006 until May of 2006." (*See id.*).

Mr. Toevs alleges in the TAC that "[f]rom August of 2004 until January of 2005 Administrative Head Cathy Slack . . . deprived me of liberty without due process by approving the decisions of the perfunctory, meaningless reviews which all said the same thing." (*See* doc. # 121-2 at p. 8 of 12). Mr. Toevs also alleges that

> [f]rom August of 2004 until some point in 2005 . . . Cathy Slack deprived me of liberty without due process by enforcing OM 650-100 which mooted any possible due process which could have been afforded by AR 600-02. OM 650-100 rendered the 30 day review meaningless gestures which could not have secured by release from the QLLP. OM 650-100 also imposed an atypical and significant hardship which allowed me no reviews whatsoever from February 2005 until September 2005.

(*See* doc. # 121-2 at p. 9 of 12; *see also* doc. # 81-2 (OM 650-100)). Mr. Toevs alleges an identical claim against Warden Larry Reid "[f]rom some point in 2005 until some point in 2007" and against Administrative Head of CSP/CCF Susan Jones "[f]rom some point in 2007 until March 17, 2009." (*See* doc. # 121-2 at pp. 8-9 of 12).

Mr. Toevs' TAC, tendered on September 18, 2009, arises from alleged conduct of Defendants Glidewell and Estrada "[f]rom October of 2005 until January of 2006," of Defendants Moore and Holcomb "from March of 2006 until May of 2006," of Defendant Slack "[f]rom August of 2004 until . . . some point in 2005," of Defendant Reid "[f]rom some point in 2005 until some point in 2007," and of Defendant Jones "[f]rom some point in 2007 until March 17, 2009." (*See* doc. # 121-2 at pp. 8-10 of 12). As alleged in his own pleadings, Mr. Toevs knew of the existence and cause of the basis of this

8

action at the time of filing of the original Complaint in August of 2006. Mr. Toevs has not argued that the claim in his TAC had not yet accrued upon the filing of the original complaint. Under Colorado's applicable statute of limitations provision, Mr. Toevs' TAC is limited to conduct that occurred after August of 2004.

C.   Relation Back of TAC

In his proposed TAC, Mr. Toevs adds three new Defendants, Cathy Slack, Case Manager C. Estrada, and Case Manager J. Holcomb, who have never been named in any of his previous pleadings.[2] To the extent that Mr. Toevs alleges conduct of Defendant Slack "[f]rom August of 2004 until some point in 2005," of Defendant Estrada "[f]rom October of 2005 until January of 2006," and of Defendant Holcomb "from March of 2006 until May of 2006," the TAC does not relate back to the previous pleadings and such claims are barred by the statute of limitations.

Fed. R. Civ. P. 15(c) determines whether or not a plaintiff may amend a complaint to add a defendant by relating that amended complaint back to the original one and thereby avoiding the bar set by the statute of limitations. *Wilson v. U.S. Government*, 23 F.3d 559, 562 (1st Cir. 1994). "In order for an amendment adding a new party to relate back to the date of the original complaint under Rule 15(c), all the conditions set forth in F. R. Civ. P. 15(c) must be met." *Watson v. Unipress, Inc.*, 733

---

[2]   Defendants Reid and Moore were named in Mr. Toevs' original Complaint, Amended Complaint, and withdrawn Second Amended Complaint. (*See* docs. # 3, # 7, # 65). Defendant Jones was named in the withdrawn Second Amended Complaint. (*See id.*). Defendant Glidewell was named in the original Complaint and the withdrawn Second Amended Complaint. (*See id.*). Defendant Owens was previously named in the withdrawn Second Amended Complaint. (*See id.*).

F.2d 1386, 1389 (10th Cir. 1984). Application of Rule 15(c) is "a purely legal determination." *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004) (citation omitted). *See also Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 247 (6th Cir. 2000) ("[W]e review de novo the district court's decision to deny relation back of an amended complaint to the original complaint.").

An amended complaint relates back to the filing of the original complaint when: (1) the claim asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party being added by the amendment received notice of the institution of the action within the time period specified in Federal Rule 4(m) for service of a summons and complaint and that new party will not be prejudiced in maintaining a defense on the merits; and (3) the party being added to the litigation knew or should have known that the action would have been brought against him or her but for a mistake as to the identity of the proper party. Fed. R. Civ. P. 15(c)(3); *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001); *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000); *Watson*, 733 F.2d at 1389; *Pagan Velez v. Laboy Alvarado*, 145 F. Supp. 2d 146, 153 (D. P.R. 2001). "When these three elements are satisfied, the amended pleading relates back to the original, meaning that it adopts the date of the original pleading for purposes of determining whether or not the statute of limitations has expired." *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 127 (D.R.I. 2004) (citations omitted).

"The necessary implication of the rule is that in order for an amended pleading to relate back for statute of limitations purposes, there must be a previous pleading to

which the amendment dates back." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1367 (5th Cir. 1994). No such pleading exists here as to the three new Defendants, Slack, Estrada, and Holcomb. *See generally Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) (outlining four elements which must be met in order for amended pleadings to relate back when a new party is sought to be added). There is no showing that Defendants Slack, Estrada, or Holcomb received notice of this action within the time period specified in Federal Rule 4(m) for service of a summons and complaint, that they will not be prejudiced in maintaining a defense on the merits, or that they knew or should have known that the action would have been brought against them but for a mistake as to the identity of the proper party. Fed. R. Civ. P. 15(c)(3). As all of the conditions set forth in Rule 15(c) have not been met, the TAC does not relate back to the previous pleadings with regard to these three Defendants. As the TAC was filed more than two years after the conduct alleged by Defendants Slack, Estrada, and Holcomb, Mr. Toevs' claim against them is barred by the statute of limitations and subject to dismissal.

D.    Personal Participation

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260,

11

1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."). A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). *See also Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Other than naming Defendant Owens in the caption of the TAC and listing Defendant Owens as a party (*see* doc. # 121-2 at pp. 1, 3 of 12), Mr. Toevs alleges no conduct whatsoever by Defendant Owens. As Mr. Toevs has failed to allege that Defendant Owens in any way caused or participated in the alleged constitutional violation, there is no basis for holding Defendant Owens individually liable under § 1983 and Defendant Owens is subject to dismissal.

E.  Qualified Immunity

Mr. Toevs brings his TAC against Defendants only in their individual capacities. (*See* doc. # 121-2 at p. 1 of 12). Defendants argue that Mr. Toevs' TAC must be rejected because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, --- U.S. ---, 129 S.Ct. 808,

815 (2009) (internal quotation marks and citation omitted). Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008). A determination of qualified immunity "involves a two-pronged inquiry." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Id*. (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id*.

Defendants summarily argue that they have qualified immunity without discussing how Mr. Toevs fails to state a claim for a constitutional violation or how the law is not clearly established. On March 6, 2009, the court ruled "that there remains an unresolved fact issue on this record as to whether Mr. Toevs actually received meaningful reviews of his administrative segregation status, rather than sham reviews, as he contends," citing clearly established law. (*See* doc. # 93) (citing *Kelly v. Brewer*, 525 F.2d 394, 400 (8th Cir. 1975) ("where an inmate is held in segregation for a prolonged or indefinite period of time due process requires that his situation be reviewed periodically in meaningful way . . ."); *McClary v. Coughlin*, 87 F. Supp. 2d 205, 214 (W.D.N.Y. 2000) ("a fundamental requirement of all due process is that it be 'meaningful' and not a sham or a fraud") (citation omitted); *Brooks v. DiFasi*, 112 F.3d

13

46, 49 (2d Cir. 1997) (due to the length of confinement, court must engage in a fact-specific inquiry to determine whether it constitutes an "atypical and significant hardship" under *Sandin*)). Defendants' qualified immunity argument is insufficient to preclude the filing of the TAC.[3]

F.  Mr. Toevs' Request for Declaratory Relief and *Ex Parte Young*

Defendants argue that the *Ex parte Young* doctrine precludes Mr. Toevs' request for declaratory relief. (*See* doc. # 121-2 at p. 12 of 12). The Eleventh Amendment does not bar prospective injunctive relief against state officials in their official capacity. *See Quern v. Jordan*, 440 U.S. 332, 337 (1979) ("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury") (citing *Ex Parte Young*, 209 U.S. 123 (1908)). However,

---

[3]  If Defendants have viable grounds for dismissing Mr. Toevs' TAC, such arguments are more efficiently raised in the context of a dispositive motion, rather than indirectly under Rule 15(a). The District Court for the District of Colorado has noted that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *General Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423 * 4 (D. Colo. 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse"). *Cf. In re K-Dur Antitrust Litigation*, 338 F. Supp.2d 517, 528 (D.N.J. 2004) (noting efficiencies of disposing of a motion to amend along with a Rule 12 motion); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573-74 (E.D. N.C. 1992) (reasoning that a pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources); *Pearl Brewing Co. v. Joseph Schlitz Brewing Co.*, 415 F. Supp. 1122, 1125 (S.D. Tex. 1976) (factual disputes typically cannot be decided on the pleadings and are improperly inquired into in the context of a motion to amend, particularly in view of the liberal rules regarding amendment of complaints) (cited with approval in *La Compania Ocho, Inc. v. United States Forest Service*, 874 F. Supp. 1242, 1244-45 (D. N.M. 1995)).

the Tenth Circuit has outlined certain exceptions to the *Ex parte Young* doctrine, including that "the doctrine will not go so far as to allow federal jurisdiction over a suit that seeks to redress past wrongs – only ongoing violations are covered." *See ANR Pipeline*, 150 F.3d 1178, 1188-89 (10th Cir. 1998) ( "when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court."), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007) (internal citations omitted).

First, as Mr. Toevs sues Defendants in the TAC only in their individual capacities, Defendants' official capacity argument does not apply. Second, the court understands Mr. Toevs' request for declaratory relief that his rights were violated as merely superfluous repetition of his underlying claim for violation of his liberty interest without due process by alleged perfunctory, meaningless reviews of his administrative segregation. Mr. Toevs has conceded that if he prevails on his damages claim, his request for declaratory relief would be moot, as it merely reiterates his request for damages. (Mr. Toevs' statements at November 10, 2009 hearing). Defendants' argument based on the *Ex parte Young* doctrine is insufficient to preclude the filing of the TAC.

G. Standing

The events forming the basis of all of Mr. Toevs' pleadings occurred at Centennial Correctional Facility ("CCF") in Canon City, Colorado. Mr. Toevs is currently housed in the general population at Sterling Correctional Facility and is no longer

incarcerated at CCF. (*See* doc. # 96 (Notice of Change of Address)). Defendants argue that Mr. Toevs lacks standing to assert a claim on behalf of other inmates or regarding prison conditions at a facility where he no longer resides. First, to the extent that Mr. Toevs seeks damages for deprivation "of liberty without due process by subjecting [him] to reviews which were perfunctory, meaningless and all said the same thing," he has standing to pursue such claim on his own behalf. Second, Defendants concede that their mootness argument applies only to the extent that Mr. Toevs seeks declaratory relief. (Defense counsel's statements at November 10, 2009 hearing). Mr. Toevs has conceded that his request for declaratory relief would be mooted by a determination of his damages claim. (Mr. Toevs' statements at November 10, 2009 hearing). Defendants' argument based on standing does not preclude the filing of the TAC.

F.      Mootness.

Defendants argue that since Mr. Toevs has not been held in administrative segregation or subject to the QLLP since October of 2007 (*see* Affidavit of Kristi Moore (Exhibit 1 to doc. # 113) at ¶ 11), his claim is moot. The court disagrees. Mr. Toevs has conceded that his request for declaratory relief would be mooted by a determination of his damages claim. Mr. Toevs seeks damages for deprivation "of liberty without due process by subjecting [him] to reviews which were perfunctory, meaningless and all said the same thing" during a specific period of time. Because Mr. Toevs is seeking damages, the fact that he is no longer administratively segregated does not render his action moot. *See Leonard v. Nix*, 55 F.3d 370, 376 (8th Cir. 1995) (holding that an

16

inmate's habeas corpus action was not rendered moot by his release, in part "[b]ecause of the possibility of section 1983 damages"); *Board of Pardons v. Allen*, 482 U.S. 369, 371 n. 1 (1987) (State prisoners' release on parole following filing of class action civil rights suit claiming denial of due process by Montana Board of Pardons in determining parole eligibility did not render action moot, where prisoners sought compensatory damages in addition to declaratory and injunctive relief); *Shahagian v. Dickey*, 827 F.2d 90, 100 (7th Cir.1987) ("The fact that the plaintiffs are no longer housed in administrative segregation and do not seek injunctive relief does not render their claims moot because they seek money damages) (citation omitted). . 11 (1986)). Defendants' argument based on mootness does not preclude the filing of the TAC.

Accordingly, IT IS ORDERED that:

1. Mr. Toevs' "Motion for Leave to Amend" (filed September 18, 2009) (doc. # 121) is GRANTED IN PART AND DENIED IN PART. Mr. Toevs' Third Amended Complaint (doc. # 121-2) is accepted for filing as of the date of this Order and shall proceed against only Defendants Larry Reid, Susan Jones, Case Manager Glidewell, and Case Manager Kristi Moore. Defendants Cathy Slack, Case Manager C. Estrada, Chairperson S. Owens, Case Manager J. Holcomb, and Case Managers John and/or Jane Does shall be dropped from the Third Amended Complaint.

2. **A Preliminary Scheduling Conference shall be held on Thursday April 15, 2010 at 9:00 a.m.**, in Courtroom A-402, Fourth Floor, of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The parties need not comply with

the requirements of Fed. R. Civ. P. 16 and D.C. COLO L.CIVR. 16.2 and 26.1. The purpose of the initial conference is to review the status and further scheduling of the case.

3. Mr. Toevs or his case manager shall arrange for his participation in the Preliminary Scheduling Conference **on Thursday April 15, 2010 at 9:00 a.m.** via telephone and shall call (303) 844-2117 at the scheduled time.

4. All co-counsel of record for Defendants are directed to appear in person at the Preliminary Scheduling Conference on Thursday April 15, 2010 at 9:00 a.m.

DATED at Denver, Colorado, this 12th day of March, 2010.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge